Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
44 South Broadway
14th Floor
White Plains, New York 10601
Tel 914 872-8060
Fax 914 946-1216
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MADISON, WI | PITTSBURGH, PA | TAMPA, FL |
| DAYTON, OH | MEMPHIS, TN | PORTLAND, OR | WASHINGTON, DC REGION |
| DENVER, CO | MIAMI, FL | PORTSMOUTH, NH | WHITE PLAINS, NY |
| DETROIT, MI | MILWAUKEE, WI | PROVIDENCE, RI | |
| GRAND RAPIDS, MI | MINNEAPOLIS, MN | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

January 6, 2020

**VIA ECF**
Hon. Kenneth M. Karas
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street—Chambers 533
White Plains, New York 10601

          Re:    *Kamdem-Ouaffo v. Balchem Corporation, et al,*
                <u>Case No.: 17 Civ. 2810 (KMK)</u>

Dear Judge Karas:

      We are counsel for Defendants in this action. Pursuant to Federal Rule of Civil Procedure 37, Local Rule 37.2, and Your Honor's Individual Rules of Practice, we request a Pre-Motion Conference to address Plaintiff Pro Se's unrelenting emails to the undersigned, the inappropriate content in the emails and discovery disputes between the Parties. On Friday January 3, 2020, we sent a letter to Plaintiff Pro Se addressing Defendants' Discovery Objections and requesting he cease and desist from sending repeated and multiple emails to the undersigned.[1] He responded by sending twenty (20) emails advising he will not withdraw his non-conforming discovery demands. We attach hereto as Exhibit B, a chart detailing the date and time of receipt of each email followed by printouts of the contents of the twenty (20) emails sent from Friday January 3 through to Monday January 6, 2020. As the Court will see, it is nearly impossible to decipher and understand which discovery is currently served on Defendants.

      In our January 3, 2020 letter, Defendants objected to the following: (1) Plaintiff's two (2) Fed. R. Civ. Proc. Rule 36 Requests For Admission (635 total Requests), amended by email at least four (4) times, attached hereto as Exhibit C; (2) Plaintiff's Fed. R. Civ. Proc. Rule 34 Request For Entry To Balchem Corporation's Land To Conduct Discovery, amended by email eight (8) times, attached hereto as Exhibit D; (3) Plaintiff's Fed. R. Civ. Proc. Rule 30/31 requests to depose Theodore Harris, Michael Sestrick, Travis Larsen and "Balchem Corporation's VP(s)/Director(s) of Sales/Markketing [sic] of encapsulates in the animal and human nutrition market", amended by email seven (7) times, attached hereto as Exhibit E and (4) Plaintiff's Fed. R. Civ. Proc. Rule 31 Deposition Quizzes, amended by email six (6) times, attached hereto as Exhibit F. None of these discovery requests met the basic requirements set forth in the Rule 26 of

---

[1] Attached hereto as Exhibit A is Defendants' letter to Plaintiff.

Honorable Kenneth M. Karas
January 6, 2020
Page 2

**jackson|lewis.**

the Federal Rules of Civil Procedure. Additionally, Plaintiff Pro Se included sexually inappropriate and vulgar terms in 119 of his 635 Requests To Admit, as well as in e-mails to the undersigned. None of the sexually inappropriate and vulgar sexual terms are related to allegations in this action. Last, between December 11, 2019 and January 3, 2020, we received thirty-five (35) e-mails from Plaintiff Pro Se as contained on Exhibit G, enclosing revised and amended Rule 36 Requests To Admit, Rule 34 Document Requests, Rules 30 and 31 Deposition Notices and Rule 31 Deposition (Quizzes) Approaches by Plaintiff. *See* Exhibit G.

**I.      The 635 Requests For Admission Do Not Comply with Fed. R. Civ. Proc. Rule 36.**

The 635 Requests For Admission do not comply with Rule 36. As a whole and individually, the 635 Requests violate the standards set forth by Federal Rules of Civil Procedure 1, 26, and 36. First, Federal Rule of Civil Procedure 26 provides that discovery must be efficient and proportional to the needs of the case. The purpose of Requests For Admission is to expedite the case by ruling out facts that are largely not in dispute. *See Williams v. City of Albany*, No. 18 Civ. 1446 (LEK)(DJS), 2019 U.S. Dist. LEXIS 147230, *7 (N.D.N.Y. Aug. 28, 2019) The 635 Requests span over 200 pages, they are repetitive, excessive, seek facts which are directly in dispute in the case or absolutely unrelated to any claim in this case. *See Rapp. v. Laufers*, No. 17 Civ. 948 (BBC), 2019 U.S. Dist. LEXIS 4877, *8 (D. Wis. Jan. 7, 2019). Second, the Requests For Admission individually violate Rule 36. Rule 36 requires that "[e]ach request for admissions must be direct, simple and limited to singular relevant facts." *Weinstein v. Univ. of Conn.*, No. 11 Civ. 1906, 2014 U.S. Dist. LEXIS 107104, *5 (D. Conn. Aug. 5, 2014) (quoting *United States v. Consol. Edison Co.*, 88 Civ. 0049 (RJD), 1988 U.S. Dist. LEXIS 14547, *4 (E.D.N.Y. Dec. 14, 1988)). The 635 Requests For Admission are repeatedly over a full page long, reference numerous facts, are ambiguous and overbroad. Multiple Requests reference the religious affiliation of the former President of the United States, Barack Obama. A majority call for legal analysis and legal conclusions, which violate Rule 36. *See Davi v. Roberts*, 16 Civ. 5060 (RRM)(PK), 2018 U.S. Dist. LEXIS 166717, *3 (E.D.N.Y. Sept. 26, 2018) (overruling objection to motion to compel the answer to a Request for Admission that "sought a legal conclusion."); *Rapp*, 2019 U.S. Dist. LEXIS at *8.

Third, beginning in Paragraph 8, and repeated in twenty-five variations in the 635 Requests, Plaintiff included the following sexual and vulgar terminology: . . . as a condition for merit-based promotion/advancement/transfers to have vaginal, penile, oral, anal . . . should succeed in using a personal video or audio recording device such as a personal phone or a locally or remotely controlled virginity/chastity monitoring/protection microchip device implanted in the employee's sexual body parts/organs for a religious purpose to create an evidence comprising of the sexual sounds/noises and/or of images showing the culprit Executives/Managers' **vagina, penis, mouth, anus/asshole, nipple, and/or breast** and their improper sexual intercourse fornication/adultery acts …. " This case does not contain allegations of sexual harassment or sexual contact, there is no relevant basis for disclosure stating such sexually explicit statements, the statements are intimidating and harassing, and have no place in discovery requests in a federal court proceeding.

**jackson|lewis.**

II. **The Rule 34 Request For Entry To Balchem Corporation's Premises For A Week Is Unnecessary And Unduly Burdensome.**

A threshold requirement of discoverability is whether the information sought is "relevant to the subject matter involved in the action." Fed. R. Civ. Proc. 26. "[W]ith regard to a Rule 34 inspection, the degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection." *Ehrlich v. Inc. Vill. of Sea Cliff*, 04 Civ. 4025(LDW)(AKT), 2007 U.S. Dist. LEXIS 39824, *2 (E.D.N.Y. May 31, 2007) (quoting *New York Assoc. for Retarded Children v. Carey*, 706 F.2d 956, 961 (2d Cir. 1983)). The inspection serves only to burden Balchem Corporation. When information may be obtained through discovery devices less disruptive to defendant's business, requests to enter a defendant's premises may be properly denied. *Bryant v. Allied Account Servs.*, 05 Civ. 5565 (JBW)(ARL), 2006 U.S. Dist. LEXIS 65356, *3-4 (E.D.N.Y. Sept. 13, 2006). There is no need to enter Balchem Corporation's premises to inspect documents since Balchem will serve written responses to all proper Document Requests under Fed. R. Civ. Proc. 34 and will produce one or more witnesses for properly noticed depositions at the courthouse.

III. **The Notices Of Deposition Of Michael Sestrick, Theodore Harris, and Travis Larsen Are Unnecessary, Improper And Premature.**

Plaintiff noticed the depositions of Theodore Harris, Balchem Corporation's Chief Executive Officer, Michael Sestrick, Balchem Corporation's Chief Technology Officer, Travis Larsen, Balchem Corporation's Assistant General Counsel, and "Balchem Corporation's VP(s)/Director(s) of Sales/Marketting [sic] of encapsulates in the animal and human nutrition market". Courts disfavor requiring the depositions of senior executives unless they have personal knowledge of relevant facts or some unique knowledge that is relevant to the action. *Pullano v. UBS/Paine Webber, Inc.*, 03 Civ. 6313 (DGL)(JWF), 2007 U.S. Dist. LEXIS 103817, *5 (W.D.N.Y. Mar. 21, 2007) (citing *In re Ski Train Fire of November 11, 2000*, 06 Civ. 1428 (SAS)(THK), 2006 U.S. Dist. LEXIS 29987, *10 (S.D.N.Y. May 16, 2006); *see also Gen. Star Indem. Co. v. Platinum Indem. Ltd.*, 210 F.R.D. 80, 82-83 (S.D.N.Y. 2002).None of the three executives have been identified by Defendants on their Rule 26 Initial Disclosures as individuals with personal knowledge, none were involved in the decision to terminate Plaintiff. There have been no depositions held in this action. At a minimum, Plaintiff be required to depose those employees/former employees with personal knowledge of the claims. *Gen. Star Indemn. Co.*, 210 F.R.D. at 82-83.

IV. **The Deposition Quizzes Do Not Conform To Rule 30 Or 31 Of The Federal Rules Of Civil Procedure.**

Plaintiff repeatedly advised us in multiple emails of his intent to provide deposition witnesses with written quizzes to which each will have time to respond. We requested he serve proper Notices of Deposition which conform to the requirements of either Fed. R. Civ. Proc. Rules 30 or 31 on Defendants which clearly outline the deposition questions for each witness, the method and manner of the deposition, as well as the location for each deposition.

Honorable Kenneth M. Karas
January 6, 2020
Page 4

Respectfully submitted,

JACKSON LEWIS P.C.

*Mary A. Smith*

Mary A. Smith
Michael A. Frankel

cc: Ricky Kamdem-Ouaffo