# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

KAMDEM-OUAFFO,

                Plaintiff,

- *against* -

BALCHEM CORP., ET AL.,

                Defendants.

<u>ORDER</u>

17 Civ. 2810 (KMK)(PED)

**PAUL E. DAVISON, U.S.M.J.:**

This Order addresses defendants' objections to certain discovery demands promulgated by plaintiff *pro se*. Defendants first presented their objections in a letter to Judge Karas dated January 6, 2020. [Dkt. 71.] Plaintiff responded by letter dated January 7, 2020. [Dkt. 76.] After this exchange of correspondence, Judge Karas referred this case to me for pretrial supervision. [Dkt. 75.] This Court then convened a conference on January 29, 2020, at which plaintiff was permitted to participate telephonically due to health reasons. After reviewing the parties' submissions and considering the arguments advanced at the hearing, the Court rules as follows:

1. **Requests for Admission**

On January 6, defendants complained that plaintiff had served 635 requests for admissions, and attached the offending requests as a 256-page exhibit. [Dkts. 71, 71-3.] On January 29, defense counsel reported that defendants had received supplemental requests, and that the total number of requests for admissions promulgated by plaintiff had swelled to 737. In addition to objecting to the number of requests, defendants note that many of the requests are long and complex, seek irrelevant admissions, and/or contain unnecessary vulgar and inflammatory language. Plaintiff maintains that these requests represent his preferred approach

to discovery, and that his requests target defenses and/or purportedly false representations which have been advanced by defendants.[1]

Rule 36(a) provides, in pertinent part, that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a). However, requests for admissions are "not a discovery device much like interrogatories, demand for documents, or depositions, nor are they to be considered substitutions for them." Henry v. Champlain Enterprises, Inc., 212 F.R.D. 73, 77 (N.D.N.Y. 2003). Rule 36 is instead a mechanism for narrowing the issues, and toward that end the requesting party must ensure that the requests are set forth "simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification." Id., 212 F.R.D. at 77.

I agree with defendants that the sheer number of requests promulgated by plaintiff is not "proportional to the needs of [this] case," and that a protective order is warranted to protect defendants from "oppression, or undue burden[.]" Rule 26(b)(1), (c)(1), Fed. R. Civ. P. See Joseph L. v. Conn. Dep't of Children & Families, 225 F.R.D. 400, 403 (D. Conn. 2005)(163 requests for admissions "excessive to the point of being abusive" warranting protective order). A cursory review of plaintiff's requests also reveals that many of the requests are complex,

---

[1] Plaintiff also asserts that his requests should be sustained because he has "substantially less resources" than defendants, a claim which is belied by plaintiff's ability to generate hundreds of pages of demands.

2

argumentative, and unlikely to lead to helpful admissions. Finally, I agree with defendants that a number of plaintiff's demands unnecessarily incorporate vulgar sexual terminology which does not relate to plaintiff's claims in this wrongful termination case and appears calculated to embarrass defendants or their counsel. Plaintiff is directed to refrain from unnecessary scatalogical references in any further discovery demands.

In sum, defendants are granted a Protective Order as to plaintiff's requests for admissions, and need not address them further.

2. **Deposition Notices**

Defendants object to deposition notices plaintiff has served with regard to: 1) Theodore Harris, identified as Balchem Corporations Chief Exeuctive Office; 2) Michael Sestrick, identified as Balchem Corporation's Chief Technology Officer; 3) Travis Larsen, Balchem Corporation's Assistant General Counsel; and 4) "Balchem Corporation's VP(s)/Director(s) of Sales/Marketting [sic] of encapsulates in the animal and human nutrition market." Defendants invoke the rule that depositions of senior executives are ordinarily disfavored as they may cause business disruption or represent a form of harassment. See Gen. Star Indem. Co. v. Platinum Indem., Ltd., 210 F.R.D. 80, 83 (S.D.N.Y. 2002). However, "highly-placed executives are not immune from discovery[,]" id., and the Court notes that Harris, Sestrick, and Larsen remain defendants in this action and that plaintiff has a presumptive right to depose them on that basis.

The Court further notes that plaintiff has stated his intention to take depositions by written questions pursuant to Rule 31, a procedure which the Court finds to be significantly less disruptive than depositions by oral examination under Rule 30.[2] The depositions should be

---

[2] A Rule 31 deposition will also simplify counsel's task in protecting any privilege implicated by Mr. Larsen's testimony.

3

administered at Balchem's place of business, further minimizing disruption. Accordingly, defendant's request to preclude or defer these deposition is denied, without prejudice to any application to impose reasonable time limits.

3. **"Deposition Quizzes"**

Plaintiff apparently seeks to administer timed "quizzes" to witnesses during the course of depositions. [Dkt. 71-6.] Timed "quizzes" are not authorized under the Federal Rules of Civil Procedure, and the Court declines to permit plaintiff to proceed in this fashion. "A deposition is not a quiz," Dealer Computer Servs. v. Curry, 2013 U.S. Dist. LEXIS 18315 at * 2 (S.D.N.Y. 2013), nor is it a game show or speed contest. In the context of a deposition, plaintiff is entitled to ask questions, but he is not entitled to administer "quizzes" or impose time limitations of the witnesses.

The Clerk is respectfully requested to close Dkt. 71.

Dated: January 29, 2020
       White Plains, New York

SO ORDERED

_____
Paul E. Davison, U.S.M.J.

Copy mailed to:

**Ricky Kamdem-Ouaffo**
301 Cozzens Court
East Brunswick, NJ 08816[3]

---

[3] In an excess of caution. The docket reflects that plaintiff receives ECF notification. [Dkt. 8.]

4