UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RICKY KAMDEN-OUAFFO,

                            Plaintiff,

v.                                               **MEMORANDUM**
                                                 **OPINION AND ORDER**
BALCHEM CORP., et al,

                                                 17-CV-2810 (PMH)

                            Defendants.
-------------------------------------------------------------X
PHILIP M. HALPERN, United States District Judge:

On January 29, 2020, Magistrate Judge Paul E. Davison issued an Order addressing Defendants' objections to certain discovery demands promulgated by Plaintiff. (Doc. 82, the "Order"). Magistrate Judge Davison found that: (1) the 737 requests for admissions that Plaintiff served on Defendants were not proportional to the needs of the case and granted Defendants a protective order; (2) four deposition notices served on senior executives of Balchem Corporation could proceed via written questions pursuant to Fed. R. Civ. P. 31; and (3) Plaintiff's request to administer "deposition quizzes" was improper and would not be permitted. *Id.* On February 7, 2020, Defendants requested a discovery conference to address Plaintiff's stated intention of non-compliance with the Order.[1] (Doc. 83). On February 10, 2020, Plaintiff filed objections to Magistrate Judge Davison's discovery ruling pursuant to Fed. R. Civ. P. 72 and requested that the Civil Case Management Plan, (*see* Doc. 69), be reinstated and/or modified. (Doc. 84). Defendants' oppose Plaintiff's objections. (Doc. 88).

For the reasons set forth below, the Court upholds and affirms Magistrate Judge Davison's Order.

---

[1] Annexed thereto was a letter that Plaintiff sent Defendants indicating he would not comply with the Order. (Doc. 83-3). Plaintiff later filed a letter with the Court indicating same.

## STANDARD OF REVIEW

Magistrate Judge Davison's decision on the parties' discovery dispute was non-dispositive. *See U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04-CV-6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007) ("Discovery matters are generally considered non-dispositive of litigation."). Fed. R. Civ. P. 72 permits a party to file objections to a non-dispositive decision of a magistrate judge "within 14 days of being served with a copy [of the magistrate judge's written order]." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* "An order is clearly erroneous only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Rivera v. Hudson Valley Hosp. Grp., Inc.,* No. 17-CV-5636, 2019 WL 3955539, at *2 (S.D.N.Y. Aug. 22, 2019) (quoting *Khaldei v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013)). A decision is "contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *Khaldei,* 961 F. Supp. 2d at 575). A magistrate judge's "rulings on discovery matters are entitled to substantial deference," and, therefore, "[t]he party seeking to overturn a magistrate judge's decision . . . carries a heavy burden." *U2 Home Entm't, Inc.*, 2007 WL 2327068, at *1.

## ANALYSIS

Plaintiff objects to Magistrate Judge Davison's Order and argues that the Order violates the Case Management Plan and that Magistrate Judge Davison erred at the January 29, 2020 discovery hearing. (Doc. 84 at 2). The Court finds no merit to Plaintiff's arguments.

It is clear from the Order that Magistrate Judge Davison gave proper consideration to Defendants' objections to Plaintiff's discovery requests. Plaintiff points to no case law, and the Court is aware of none, which indicate that Magistrate Judge Davison's decision is "clearly erroneous or is contrary to law." Indeed, each of Magistrate Judge Davison's findings is firmly supported by case law from courts within this Circuit. Plaintiff has failed to meet the stringent review standard of Fed. R. Civ. P. 72(a). Accordingly, the Court affirms and upholds Magistrate Judge Davison's Order.

## **CONCLUSION**

Plaintiff's request that the Court overrule Magistrate Judge Davison's Order is DENIED.

Separately, Plaintiff has filed a motion for summary judgement which the court construes as a request for permission to file a motion for summary judgement. (*See* Docs. 89–90, 104–05). Plaintiff's request for permission to move for summary judgment is denied without prejudice. At the appropriate time, and once discovery is completed, motions for summary judgement may be considered. If either party intends to move for summary judgment at that point, the movant must comply with my Individual Practices.

The case management conference scheduled for June 16, 2020 is adjourned *sine die*.

The Clerk is instructed to terminate Doc. 88.

SO ORDERED:

Dated: New York, New York
      May 11, 2020

_____
Philip M. Halpern
United States District Judge

3