**06/16//2020**

Re: Kamdem-Ouaffo v Balchem Corporation et al, Case # 17-cv-2810-PMH-PED

## NOTICE AND OBJECTIONS TO THE MAGISTRATE JUDGE'S [ECF # 131] SCHEDULING ORDER

**TO:** Hon. Davison,

In the interest of helping manage and economize your court resources, Please take NOTICE that this is the Plaintiff's FINAL and TERMINAL position in regard to the scheduling Order you issued at [ECF # 131].

**1)** The Plaintiff will not participate in a redo of discovery in this Action. The Stipulated and Court Approved Discovery in this Action has ended. Plaintiff will not participate in a redo of Discovery. If you are seeking by your new Scheduling to accommodate the defendants' islamophobia and to reward them for their failing or refusing to conduct discovery, the Muslim Plaintiff will not participate in such abominations in the court of law.

**2)** The Plaintiff had advised you that the Plaintiff had no plan of serving any new discovery on the Defendants (See ECF # 125).

**3)** The Defendants proposed that they wanted to conduct some Depositions of the Plaintiff by June 30, 2020 (See ECF # 123). In the context of your [ECF # 131] Order, the Plaintiff will be available to participate in Depositions by written Questions only, should the Defendants choose to schedule such a Discovery. Plaintiff does not have resources for any of the remote methods they alluded to. Therefore, they will have to serve their written questions, the Plaintiff will then answer and turn the answers in under oath. This must be done by June 30, 2020.

**4)** Also, as stated by the Plaintiff in his [ECF # 125] Response, if the Defendants decided to respond and to turn file answers to the depositions questions that had been served upon them earlier by the Plaintiff, the Plaintiff will arrange with Veritext to collect their answer sheets under oath either at Balchem Corporation or if they wish they can go and submit their answer sheets to Veritext office in New York. This also must be done by June 30, 2020.

**5)** As indicated in my previous court filing, the Plaintiff has narrowed the litigation to the facts that are adjudicative (See ECF # 109). The Plaintiff's burden in the court of law is to prove that the Plaintiff's religion had been a factor in the defendants' decision to take materially adverse employment action against the Plaintiff. The Defendants' burden is to prove otherwise. If The defendants have not yet figured out what questions or what discovery they need to meet their burden of proof, then more time or resources will not make any difference.

**6)** Based on all the Above, the Plaintiff will accommodate the defendants for their need to depose the Plaintiff by June 30, 2020. Beyond this Date, the Plaintiff will no longer respond to any communication from the Defendants and their attorneys, except in regard to statutory communications for jury trial.

1

**7)**      The Plaintiff has made his decision and the Plaintiff's decision is final that the Plaintiff will go to jury trial in this Action with his own records which the Plaintiff have been producing to the Defendants as they became ready for service.

**8)**      If you should feel it necessary to Amend your [ECF # 131] Order to properly reflect the need of the case and of the parties at this point, you may do so, but if not the Plaintiff will file a motion under Rule 72 within the 14 days allowed to request that your [ECF # 131] Order be vacated. There is no need to redo discovery, nor did any party asked you to for a redo of Discovery.

**9)      The Plaintiff hereby requests the Court to schedule the case for jury trial. But if the Court cannot Do jury trial, the Plaintiff can still file a Motion for summary Judgement under Rule 56.  The Plaintiff will not unnecessarily prolong litigation. The last day for discovery is June 30, 2020 as determined by the Defendants.**

Respectfully Submitted

/S/ Ricky Kamdem-Ouaffo, *Pro Se,* Plaintiff.

2