UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RICKY KAMDEN-OUAFFO,

                          Plaintiff,

v.                                        **MEMORANDUM**
                                        **OPINION AND ORDER**
BALCHEM CORP., et al,

                                        17-CV-2810 (PMH)

                      Defendants.
-----------------------------------------------------------X
PHILIP M. HALPERN, United States District Judge:

        On June 15, 2020, Magistrate Judge Paul E. Davison issued an Amended Civil Case Discovery Plan and Scheduling Order. (Doc. 131, the "Scheduling Order"). By letter dated June 17, 2020, Plaintiff filed a Notice of Objections to Judge Davison's Scheduling Order. (Doc. 132). Plaintiff asserts that he "will not participate in a redo of discovery" and states, generally, that he does not believe additional discovery is needed and that the case should proceed to the summary judgment or trial stage. (*Id.*). On June 30, 2020, Plaintiff filed a Notice of Motion pursuant to Fed. R. Civ. P. 72(b)(2) seeking to "*'reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction'* concerning the Magistrate Judge's [ECF # 131] scheduling order." (Doc. 138). On July 14, 2020, the Court directed Defendants to respond to Plaintiff's motion. (Doc. 140). On July 15, 2020, Defendants filed a response. (Doc. 141). In their response, Defendants assert that "Plaintiff's application must be denied since discovery in this matter has not been completed due to Plaintiff's ongoing refusal to participate in the discovery process in good faith, refusal to comply with Magistrate Davison's Scheduling Orders and persistent filing of Motions seeking to void Magistrate Davison's Scheduling Orders." (*Id.* at 1). Defendants also "request the Court to direct Plaintiff to participate in his oral deposition by virtual means on a mutually acceptable date between August 25 and

1

September 20, 2020, before the close of fact discovery." (*Id.* at 2). On July 16, 2020, Plaintiff filed a reply letter.

For the reasons set forth below, the Court declines to reject or modify Judge Davison's Scheduling Order.

## STANDARD OF REVIEW

The Scheduling Order issued by Judge Davison was non-dispositive.[1] Fed. R. Civ. P. 72 permits a party to file objections to a non-dispositive decision of a magistrate judge "within 14 days of being served with a copy [of the magistrate judge's written order]." Fed. R. Civ. P. 72(a) "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* "An order is clearly erroneous only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Rivera v. Hudson Valley Hosp. Grp., Inc.,* No. 17-CV-5636, 2019 WL 3955539, at *2 (S.D.N.Y. Aug. 22, 2019) (quoting *Khaldei v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013)). A decision is "contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *Khaldei,* 961 F. Supp. 2d at 575).

## ANALYSIS

Plaintiff objects to Judge Davison's Scheduling Order and states, generally, that the case is ready for trial (or summary judgment) and that he only wants to participate in limited additional discovery on an accelerated basis. (*See generally* Docs. 132 and 142). Based on Plaintiff's arguments and applicable law, the Court cannot conclude that the Scheduling Order is clearly erroneous or contrary to law.

---

[1] Plaintiff moves pursuant to Fed. R. Civ. P. 72(b). However, because a scheduling order is non-dispositive, the Court considers Plaintiff's motion pursuant to Fed. R. Civ. P. 72(a).

While Plaintiff desires to unilaterally accelerate the discovery timeline, Plaintiff has pointed to no case law, and the Court is aware of none, which indicate that Judge Davison's entry of the Scheduling Order is clearly erroneous or is contrary to law. Plaintiff has failed to meet the stringent review standard of Fed. R. Civ. P. 72. Accordingly, the Court declines to reject or modify Judge Davison's Scheduling Order.

Additionally, the Court instructs Defendants to direct its request regarding the timing and means of Plaintiff's deposition to Judge Davison as this case has been referred to Judge Davison for all discovery-related matters. (Doc. 75).

## CONCLUSION

Plaintiff's request that the Court reject or modify Judge Davison's Scheduling Order is DENIED.

The Clerk is instructed to terminate the motion (Doc. 138).

SO ORDERED:

Dated: New York, New York
       July 16, 2020

_____

Philip M. Halpern
United States District Judge