# JacksonLewis

Jackson Lewis P.C.
44 South Broadway, 14th Floor
White Plains NY  10601
(914) 872-8060 Direct
(914) 946-1216 Fax
jacksonlewis.com

August 13, 2020

**VIA ECF**
Hon. Philip M. Halpern
United State District Court
Southern District of New York
500 Pearl Street—Room 1950
New York, New York 10007

Re: *Kamdem-Ouaffo v. Balchem Corporation, et al,*
Case No.: 17 Civ. 2810-PMH-PED

Dear Judge Halpern:

As counsel for Defendants in this action, we write pursuant to section 2(C) of Your Honor's Individual Practices in Civil Cases seeking a pre-motion conference in advance of the following two anticipated Motions by Defendants: Defendants' Motion For Protective Order and Defendants' Motion To Compel Plaintiff Pro Se to appear for his deposition. With respect to Defendants' Motion For Protective Order, Defendants intend to request the Court issue a directive to Plaintiff Pro Se that he cease and desist (1) sending multiple, persistent derogatory and threatening emails to the undersigned, and (2) filing motions before this Court without advance permission and/or pre-motion conferences in accordance with Your Honor's Individual Practices in Civil Cases. With respect to Defendants' Motion To Compel, Defendants intend to request the Court to compel Plaintiff Pro Se to appear virtually for his deposition on a mutually agreed upon date in September 2020.

Hon. Philip M. Halpern
United States District Court
Southern District of New York
August 13, 2020
Page 2

I. **Plaintiff Pro Se Continues To Refuse To Comply With Judicial Directives, Files Baseless And Unnecessary Discovery And Purported Summary Judgment Motions, And Sends Multiple Repetitive Derogatory, Dilatory And Threatening Emails To The Undersigned Counsel.**

By way of background, on January 29, 2020 Magistrate Judge Davison issued an Order [ECF No. 82] granting Defendants a Protective Order as to Plaintiff Pro Se's 635 Requests For Admission, on the grounds that they were excessive, complex, argumentative, unlikely to lead to helpful admissions, and unnecessarily incorporated vulgar sexual terminology. Accordingly, Defendants are not required to respond to Plaintiff Pro Se's 635 Requests for Admission. Since the date of this Order, Plaintiff Pro Se has not only refused to serve revised Requests for Admission, but continues to file objections to Magistrate Judge Davison's January 29, 2020 Order [*see* ECF No. 84], and sends repeated, threatening emails to the undersigned setting artificial deadlines for Defendants to provide Plaintiff Pro Se "with satisfactory reasons as to why the defendants made false representations to the court" about Plaintiff Pro Se's Requests For Admissions.

Likewise, Plaintiff continues to object to the continuation of any discovery in this matter, refuses to accept Defendants' document production, and refuses to appear for his own deposition [*see* ECF Nos. 114, 125, 138, 144-56]. Plaintiff Pro Se's ongoing refusal to participate in good faith in the discovery process, refusal to comply with Magistrate Davison's Scheduling Orders, repeated and persistent filing of unnecessary Motions, and constant emails, which include vulgar and derogatory language directed at the undersigned, warrant the issuance of a Protective Order by the Court directing Plaintiff Pro Se to cease and desist sending persistent, multiple and derogatory emails to the undersigned, as well as, filing Motions with this Court without advance permission and/or pre-motion conferences.

Hon. Philip M. Halpern
United States District Court
Southern District of New York
August 13, 2020
Page 3

Attached hereto as Exhibit "A" is a self-prepared spreadsheet containing the dates, times, subject matter, and content of a majority of Plaintiff Pro Se's email correspondence to Joseph J. DiPalma and me since July 13, 2020. Copies of these emails can be provided to Your Honor if necessary. In these 30 emails sent in less than one month's time, Plaintiff Pro Se has referred to us as "Improper Sexual Intercourse Fornicators," and accused us of committing fraud on this Court. Indeed, Plaintiff has engaged in this behavior before July 13, 2020. Attached as Exhibit "B" is an email from Plaintiff dated June 21, 2020 where Plaintiff stated, in relevant part, "…you have repeatedly shown you are liars and improper sexual intercourse fornication/fornicators." Magistrate Judge Davison expressly directed Plaintiff Pro Se to refrain from unnecessary scatological references in his January 29, 2020 Order [ECF No. 82, p. 3]. This is yet another directive from the Court that Plaintiff Pro Se continues to disregard.

II. **A Protective Order Should Be Issued To Prevent Plaintiff From Sending Repeated, Multiple Derogatory And Dilatory Emails And Filing Baseless Motions Without Permission.**

Based upon the foregoing, Defendants respectfully request this Court issue a protective order preventing Plaintiff Pro Se from sending repeated multiple derogatory and threatening emails and filing Motions with this Court without advance permission and/or a pre-motion conference in accordance with Your Honor's Individual Practices in Civil Cases.

Federal Rule of Civil Procedure ("FRCP") 26(C) permits this issuance of a protective order to prevent a litigant from abusing the discovery process. Specifically, "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FRCP 26(C)(1). In the instant matter, Plaintiff Pro Se's repeated multiple emails containing derogatory, dilatory and threatening content have been sent solely to harass and annoy counsel for Defendants. As evidenced by Exhibit "A," Plaintiff Pro Se continues

to disregard the discovery schedule Ordered by Magistrate Judge Davison, as well as Magistrate Davison's Order directing that he refrain from the use of vulgar language in his communications with defense counsel. Plaintiff Pro Se's behavior is wholly unacceptable and in violation of the rules of conduct for litigants in federal court.

**III.    Plaintiff Continues To Refuse To Attend His Noticed Deposition.**

In both his email to our office [*see* Exhibit "A"] and in his letter to this Court filed on August 7, 2020 [ECF No. 156], Plaintiff is willfully refusing to be orally deposed, in contravention of Defendants Notice Of Virtual Deposition presently noticed for September 10, 2020 at 9:30am. By email dated July 29, 2020, Plaintiff stated that, "[p]lease be Advised that for health and mental reasons, the plaintiff is not available for in person depositions." *See* Exhibit "A."

FRCP 30(a)(1) provides, in relevant part, "[a] party may, by oral questions, depose any person, including a party, without leave of court .." FRCP 30(b)(4) provides, "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Given the pandemic and our firm's current policies and procedures to ensure the safety of our employees, we intend to take Plaintiff's deposition by virtual means, which will not require his in person attendance. Accordingly, in light of Plaintiff Pro Se's communication to the undersigned that he refuses to participate in his deposition, we intend to file a Motion To Compel Plaintiff Pro Se to appear for a virtual deposition at a mutually acceptable date in September 2020.

We thank the Court for its attention to this matter.

Hon. Philip M. Halpern  
United States District Court  
Southern District of New York  
August 13, 2020  
Page 5

        Respectfully submitted,

        */s/ Mary A. Smith*  
        Mary A. Smith  
        Principal  
        (914) 872-6907 Direct  
        Mary.Smith@jacksonlewis.com  
        Jackson Lewis P.C.

Cc:    Plaintiff Pro Se  
       Joseph J. DiPalma, Esq.

---

The parties are reminded that on January 14, 2020 this case was referred to Magistrate Judge Davison for all general pre-trial matters including scheduling, discovery, non-dispositive pre-trial motions, and settlement. (Doc. 75). Accordingly, pre-motion conference letters regarding Defendants' anticipated motion for a protective order and motion to compel Plaintiff to appear for his deposition should be directed towards Magistrate Judge Davison.

SO ORDERED.

_____  
Philip M. Halpern, U.S.D.J.

Dated: New York, NY  
      August 14, 2020