UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RICKY KAMDEN-OUAFFO,

                        Plaintiff,

v.                                   **MEMORANDUM OPINION AND ORDER**

BALCHEM CORP., et al,                 17-CV-2810 (PMH)

                        Defendants.
-----------------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      On September 1, 2020, Magistrate Judge Paul E. Davison issued an Order "compelling plaintiff to appear for a deposition by oral examination" (the "September 1 Order"). (Doc. 173). Further, Judge Davison found that "[i]n view of the ongoing public health crisis, the Court directs that the deposition may be conducted by remote means in accordance with Rule 30(b)(4), [and that] Plaintiff is directed to cooperate with defense counsel in making suitable arrangements for his remote deposition, which is to occur before October 15, 2020." (*Id.*). That same day, Plaintiff moved, pursuant to Federal Rule of Civil Procedure 72 ("Rule 72") for an order from this Court rejecting or modifying Judge Davison's Order. (Doc. 175). Plaintiff asserts that Judge Davison's Order is a "clear violation[] and abridgement[]" of his Fifth and Fourteenth Amendment rights and that the Order "violate[s] the doctrine of collateral estoppel and Res Judicata." (*Id.*). Plaintiff's motion was supported by a letter brief (Doc. 174, "Pl. Br.") and a supplemental letter brief (Doc. 176, "Pl. Supp. Br."). Plaintiff also asks that this Court "strike the Defendants' Notice of Depositions by Oral Examination" and that the Court issue "an Order that all discovery [be] closed by 09/15/2020 regardless of whether the Defendants conduct any kind of depositions or not." (Pl. Supp. Br. at 4). On September 18, 2020, Defendants filed opposition to Plaintiff's Rule 72 Application. (Doc. 180). On September 21, 2020, Plaintiff filed a reply. (Doc. 183, "Pl. Reply").

For the reasons set forth below, the Court upholds and affirms Magistrate Judge Davison's Order.

## STANDARD OF REVIEW

Magistrate Judge Davison's September 1 Order compelling Plaintiff to appear for a deposition was non-dispositive. *See U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04-CV-6189, 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007) ("Discovery matters are generally considered non-dispositive of litigation."). Rule 72 permits a party to file objections to a non-dispositive decision of a magistrate judge "within 14 days of being served with a copy" of the magistrate judge's written order. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* "An order is clearly erroneous only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Rivera v. Hudson Valley Hosp. Grp., Inc.,* No. 17-CV-5636, 2019 WL 3955539, at *2 (S.D.N.Y. Aug. 22, 2019) (quoting *Khaldei v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013)). A decision is "contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *Khaldei*, 961 F. Supp. 2d at 575). A magistrate judge's "rulings on discovery matters are entitled to substantial deference," and, therefore, "[t]he party seeking to overturn a magistrate judge's decision . . . carries a heavy burden." *U2 Home Entm't, Inc.*, 2007 WL 2327068, at *1.

## ANALYSIS

Plaintiff objects to Magistrate Judge Davison's September 1 Order and argues, principally, that the September 1 Order compelling Plaintiff to sit for a remote deposition is inconsistent with Judge Davison's January 29, 2020 Order (the "January 29 Order"). (Pl. Br. at 1). The January 29 Order granted Plaintiff permission, at Plaintiff's request, to take depositions of certain senior

executives of Balchem Corporation by written questions. (Doc. 82 at 3). Plaintiff argues that the January 29 Order established the sole method by which depositions can be conducted in this case and that the September 1 Order compelling Plaintiff to sit for an oral deposition by remote means is in violation of, and inconsistent with, the January 29 Order. (Pl. Br. at 2; *see also id.* at 3 ("The issue of how the Plaintiff could participate in depositions during this Action was already resolved and the resolution was that Depositions will be by Written Questions."); Pl. Reply at 4). Plaintiff reads the January 29 Order too broadly.

Judge Davison's January 29 Order did not address how all depositions in this proceeding would be conducted. Rather, the January 29 Order provides only that certain senior executives of Balchem Corporation need not sit for oral depositions and that Plaintiff could take the depositions of certain identified individuals by written questions. (Doc. 82 at 3–4). The January 29 Order did not address the method by which Defendants could take Plaintiff's deposition. Therefore, the Court finds that Judge Davison's Order compelling Plaintiff to sit for an oral deposition to be conducted by remote means is not in conflict with the January 29 Order. The Court finds further that the September 1 Order was neither clearly erroneous nor contrary to law and upholds and affirms Judge Davison's September 1 Order.[1] Thus, Plaintiff's Rule 72 application is denied.

The Court notes that Plaintiff has filed three Rule 72 applications since February 2020. (*See* Docs. 84, 138, 175). Rule 72 provides that a district judge shall only modify or reject a magistrate judge's order if the order is "clearly erroneous or is contrary to law." Plaintiff's displeasure or disagreement with the outcome of Judge Davison's Orders is not grounds for challenging the Magistrate Judge's Orders pursuant to Rule 72. Plaintiff's memoranda of law in support of his Rule 72 applications do not cite to a single case or set forth any other basis from

---

[1] The Court also denies Plaintiff's request that the Court strike Defendants' notice of deposition and deem discovery closed as of September 15, 2020.

3

which the Court could conclude that the Orders are "clearly erroneous or contrary to law." (*See* Docs. 84, 132, 174, 176, 183).

Plaintiff must complete discovery, which includes complying with Defendants' lawful demands. Plaintiff's efforts may be better spent completing discovery than continuing to inundate the Court and Magistrate Judge with letters and motions. Addressing Plaintiff's letters and motions has caused a substantial burden on this Court's as well as Judge Davison's docket. The Court instructs unequivocally that Plaintiff shall comply with Judge Davison's Orders to date, including the September 1 Order compelling Plaintiff to appear for a deposition via remote means. Plaintiff's failure to comply with Court orders can result in sanctions including dismissal of this action. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("All litigants, including *pro ses,* have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with prejudice.") (internal citations and alterations omitted).

## CONCLUSION

Plaintiff's request that the Court overrule Magistrate Judge Davison's Order is DENIED. The Clerk is instructed to terminate the pending motion (Doc. 175).

                                              **SO ORDERED:**

Dated: New York, New York
       September 22, 2020

                                              Philip M. Halpern
                                              United States District Judge