UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICKY KAMDEM-OUAFFO,

                Plaintiff,

-against-

BALCHEM CORPORATION, et al.,

                Defendants.

**ORDER**

17-CV-02810 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Ricky Kamdem-Ouaffo ("Plaintiff"), proceeding *pro se*, commenced this action against Balchem Corporation, Gideon Oenga, Bob Minger, Renee McComb, Theodore Harris, John Kuehner, Travis Larsen, and Michael Sestrick (collectively, "Defendants") on April 14, 2017. (Doc. 1). On March 23, 2021, the Court issued an order, adopting in its entirety Magistrate Judge Paul E. Davison's Report and Recommendation, which dismissed Plaintiff's Complaint with prejudice ("Dismissal Order"). (Doc. 244). The Dismissal Order also assessed costs against Plaintiff related to his failure to appear for a court-ordered deposition on October 13, 2020 and directed Defendants to submit an affidavit with proof in admissible form of the reasonable expenses incurred, if any, in connection with the October 13, 2020 deposition and the preparation associated therewith. (*Id*. at 4-10).

    On April 20, 2021, Defendants filed the Affirmation of Mary A. Smith in support of their request for reimbursement of reasonable expenses associated with the October 13, 2020

deposition.[1] (Doc. 249). Defendants seek reimbursement in the amount of $13,469.75. (*Id*.). On April 26, 2021, Plaintiff filed a document, which the Court construes as his opposition to the Affirmation of Mary A. Smith.[2] (Doc. 250).

On January 18, 2022, Plaintiff filed a notice of motion under Federal Rule of Civil Procedure 60(a)[3] and a letter brief in support thereof. (Docs. 256-57). On January 19, 2022, Plaintiff filed an amended notice of motion under Federal Rules of Civil Procedure 60(b)(1), (4), and (6) and a letter brief in support thereof. (Docs. 258-59). On March 8, 2022, Defendants filed a memorandum of law in opposition to Plaintiff's Rule 60 motions. (Doc. 269, "Opp."). Plaintiff's motions were fully submitted that same day with the filing of his reply brief. (Doc. 270).

  I.  Rule 60 Motions

     A.  Rule 60(a)

Rule 60(a) provides that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party." "A motion under Rule 60(a) is available

---

[1] The Affirmation of Mary A. Smith annexed as exhibits the following documents: (1) a copy of the Dismissal Order; (2) copies of invoices for court reporter services; (3) a copy of Defendants' counsel's hours worked, tasks performed, and hourly rates in connection with the October 13, 2020 deposition; and (4) copies of decisions issued in *Genger v. Genger*, 76 F. Supp. 3d 488 (S.D.N.Y. 2015), *aff'd*, 663 F. App'x 44 (2d Cir. 2016) and *Morris & Judith Fam. P'ship, LLC v. Fid. Brokerage Servs. LLC*, No. 18-CV-08851, 2019 WL 5200528 (S.D.N.Y. Sept. 12, 2019), *aff'd*, 831 F. App'x 37 (2d Cir. 2020).

[2] This document is entitled: "PLAINTIFF'S BRIEF IN RESPONSE TO THE ISLAMOPHOBIC BIGOT'S [ECF # 249] AFFIRMATION FILED IN SUPPORT OF THE MAGISTRATE JUDGE DAVISON'S [ECF # 225] AND OF JUDGE HALPERN'S [ECF # 244] ORDERS WHICH WERE EMITTED ON THE COURT'S DOCKET IN MANNER SIMILAR WITH THE LAWLESS AND UNCONSTITUTIONAL MANNER OF THE HOLOCAUST MURDERS AND KILLINGS OF THE JEWS AS REPORTED IN THE HISTORY BOOKS AND IN THE SAME MANNER OF THE IMPROPER SEXUAL INTERCOURSE FORNICATORS AT WORK AND ISLOMAPHOBIC BIGOT DEFENDANTS' HATRED, DISDAIN, CONTEMPT OF THE MUSLIM AND OF ISLAM THEIR RELIGION." (Doc. 250 at 1).

[3] Plaintiff moved under Federal Rule of Civil Procedure 60(a)(6), which does not exist. Thus, the Court considers this motion to be made under Rule 60(a).

only to correct [an order] 'for the purpose of reflecting accurately a decision that the court actually made.'" *Dotson v. City of Syracuse*, No. 04-CV-01388, 2012 WL 4491095, at *3 (N.D.N.Y. Sept. 28, 2012) (quoting *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995)), *aff'd*, 549 F. App'x 6 (2d Cir. 2013). "The general purpose of Rule 60(a) is to afford courts a means of modifying their [orders] in order to ensure that the record reflects the actual intentions of the court." *Ferguson v. Lion Holding, Inc.*, No. 02-CV-04258, 2007 WL 2265579, at *7 (S.D.N.Y. Aug. 6, 2007) (citation omitted). "To be correctable under Rule 60(a), the [alleged error] in [an order] must fail to reflect the actual intention of the court." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1140 (2d Cir. 1994). "An error in [an order] that accurately reflects the decision of the court or jury as rendered is not 'clerical' within the terms of Rule 60(a)." *Id*.

Plaintiff has not demonstrated that the Court made any clerical mistake, oversight, or omission in the January 29, 2020 Order, May 11, 2020 Order, or Dismissal Order. The true basis for Plaintiff's Rule 60(a) motion appears to be his displeasure with the Court's rulings and dismissal of his Complaint, which is not a proper basis for such a motion. *See, e.g.*, *Farb v. Baldwin Union Free Sch. Dist.*, No. 05-CV-00596, 2011 WL 6046491, at *1 n.1 (E.D.N.Y. Dec. 5, 2011) ("[Plaintiff] fails to explain what errors or mistakes exist in the Court's decision . . . other than he is simply unhappy with the determination. Since the Court finds no clerical errors or mistakes in its previous decision, Rule 60(a) provides no basis for relief.").

Accordingly, Plaintiff's Rule 60(a) motion is denied.

### B. Rule 60(b)

"Relief under Rule 60(b) is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (citation omitted). Rule 60(b)(1) permits the Court to grant relief on the

grounds of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(4) authorizes a court to relieve a party from a final judgment only if "the judgment is void." Fed. R. Civ. P. 60(b)(4). Rule 60(b)(6), the catchall provision, permits the Court to grant relief for "any other reason that justifies" doing so. Fed. R. Civ. P. 60(b)(6).

As a threshold matter, a Rule 60(b) motion must be "'made within a reasonable time,' and, when brought on the grounds of mistake, inadvertence, surprise, or excusable neglect, newly discovered evidence, or fraud, must be brought within a year of the entry of judgment." *Spurgeon v. Lee*, No. 11-CV-00600, 2019 WL 569115, at *2 (E.D.N.Y. Feb. 11, 2019) (quoting Fed. R. Civ. P. 60(c)). "The Second Circuit has found delays as short as 18 months unreasonable and thus untimely." *Id.*; *see also Trukoski*, 269 F.3d at 104 (finding district court did not abuse its discretion in denying relief under Rule 60(b) where delay was over one year).

Here, Plaintiff filed his Rule 60(b) motions approximately two years after the January 29, 2020 Order, twenty months after the May 11, 2020 Order, and ten months after the Dismissal Order. He has not shown good cause for—or mitigating circumstances excusing—this delay. It is clear, then, based on this Circuit's precedent, that his Rule 60(b) motions are untimely with respect to the January 29, 2020 and May 11, 2020 Orders.[4] It is a closer call, however, whether the ten-month time period between the Dismissal Order and the filing of his Rule 60(b) motions constitutes an unreasonable delay. While there is some case law suggesting that it does, *see, e.g.*, *Sasso v. M. Fine Lumber Co., Inc.*, 144 F.R.D. 185, 188 (E.D.N.Y. 1992) (denying as untimely Rule 60(b)(1) motion filed nine months after the entry of the default judgment); *Sony Corp. v. S.W.I. Trading, Inc.*, 104 F.R.D. 535, 541-542 (S.D.N.Y. 1985) (holding that Rule 60(b)(1) motion brought five

---

[4] Even if Plaintiff's Rule 60(b) motions were not untimely with respect to the January 29, 2020 and May 11, 2020 Orders, his motions would fail with respect to those Orders for the same reasons that his motions fail with respect to the Dismissal Order.

4

months after entry of default judgment and two months after defendant received notice of default judgment was untimely), the Court need not resolve that issue, because in any event, Plaintiff fails to identify any exceptional circumstances justifying Rule 60(b) relief.

Indeed, Plaintiff does not show that the Dismissal Order contains any substantive error of fact or law. Therefore, he is not entitled to relief from that order under Rule 60(b)(1). *See Gibson v. Comm'r of Mental Health*, No. 04-CV-04350, 2009 WL 331258, at *1 (S.D.N.Y. Feb. 11, 2009) (Rule 60(b)(1) motions "are intended to provide relief to a party when the judge has made a substantive mistake of law or fact in the final judgment or order" (internal quotation marks and citation omitted)). Further, the Dismissal Order is not void, as Plaintiff does not claim a jurisdictional error and the Dismissal Order did not cause him to suffer a due process violation.[5] Therefore, he is not entitled to relief under Rule 60(b)(4). *See Sec. & Exch. Comm'n v. Allaire*, No. 03-CV-04087, 2019 WL 6114484, at *2 (S.D.N.Y. Nov. 18, 2019) ("Relief from a judgment pursuant to Rule 60(b)(4) will be rare; it is available in only two circumstances. The movant must demonstrate either a certain type of jurisdictional error or a violation of due process that deprives a party of notice or the opportunity to be heard." (internal citations and quotation marks omitted)), *aff'd sub nom. Sec. & Exch. Comm'n v. Romeril*, 15 F.4th 166 (2d Cir. 2021). Lastly, Plaintiff has not shown any "extraordinary circumstances" entitling him to relief under Rule 60(b)(6). *See Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005); *see also Knight v. City of New York*, No. 19-CV-

---

[5] Plaintiff claims that he suffered a due process violation because he was not given "some kind of Notice or indication that the District Court either intended to Deny Plaintiff's Motions for Reconsideration and his Rule 72(a) Objections to the Magistrate Judge's Discovery Order…so that Plaintiff could properly determine his legal course of action in regard to the Deposition Order alleged to have been violated." (Doc. 259). But as Defendants highlight, Plaintiff was "undoubtedly aware of" the Dismissal Order, as he filed a same-day notice of appeal therefrom. (Opp. at 8). Given the fact that Plaintiff clearly received notice of the Dismissal Order and timely filed an appeal, he "did in fact properly determine his legal course of action" and acted accordingly. (*Id.*). Therefore, Plaintiff did not suffer a due process violation that deprived him of notice or the opportunity to be heard.

5

04022, 2020 WL 3961969, at *3 (S.D.N.Y. July 13, 2020) (denying Rule 60(b)(6) motion where plaintiff failed to demonstrate "extraordinary circumstances").

Accordingly, Plaintiff's Rule 60(b)(1), (4), and (6) motions are denied.

II. Attorney's Fees and Expenses

Defendants' counsel, through the Affirmation of Mary A. Smith, requests to be reimbursed for $12,872.00 in attorney's fees and $597.75 in expenses associated with the October 13, 2020 deposition. (Doc. 249). The Court finds the $597.75 in expenses to be reasonable; but upon review of Defendants' counsel's requested fees—which reflect that two partners spent 35 hours (at $340 per hour) preparing for the October 13, 2020 deposition—the Court finds that they need to be trimmed, as 35 hours of deposition preparation in this instance is unreasonable and unnecessary. Therefore, the Court finds that a reduced reimbursement of $10,000.00 in attorney's fees is reasonable. *See McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) ("A district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application, and the Supreme Court has been careful to note that only those hours reasonably expended are to be awarded." (internal citations and quotation marks omitted)); *New York State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983) (endorsing percentage reductions as a practical means of reducing a fee application to avoid an excessive fee, and noting percentage reductions of 5% to 22%); *Garcia-Severino v. TDL Restoration, Inc.*, No. 18-CV-11401, 2020 WL 7239678, at *5 (S.D.N.Y. Dec. 9, 2020) ("[R]eductions are warranted when hours are excessive.").

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motions under Rules 60(a) and (b) for relief from the January 29, 2020 Order, May 11, 2020 Order, and Dismissal Order. The

Court—having previously ordered Defendants' counsel to be reimbursed for reasonable attorney's fees and expenses associated with the October 13, 2020 deposition—awards Defendants' counsel $10,000 in attorney's fees and $597.75 in expenses. Plaintiff is directed to pay Defendants' counsel the sum of $10,597.75 within twenty-one days of the date of this Order.

The Clerk of the Court is respectfully directed to terminate the motion sequences pending at Doc. 255, Doc. 256, and Doc. 258.

**SO ORDERED:**

Dated:   White Plains, New York
        April 4, 2022

_____
PHILIP M. HALPERN
United States District Judge