UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICKY KAMDEM-OUAFFO,

                Plaintiff,

-against-

BALCHEM CORPORATION, et al.,

                Defendants.

**OPINION AND ORDER**

17-CV-02810 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Ricky Kamdem-Ouaffo ("Plaintiff"), proceeding *pro se*, commenced this action against Balchem Corporation, Gideon Oenga, Bob Minger, Renee McComb, Theodore Harris, John Kuehner, Travis Larsen, and Michael Sestrick (collectively, "Defendants") on April 14, 2017. (Doc. 1). On March 23, 2021, the Court issued an Order, adopting in its entirety Magistrate Judge Paul E. Davison's Report and Recommendation, which dismissed Plaintiff's Complaint with prejudice. (Doc. 244). That Order also assessed costs against Plaintiff related to his failure to appear for a court-ordered deposition on October 13, 2020 and directed Defendants to submit an affidavit with proof in admissible form of the reasonable expenses incurred, if any, in connection with the October 13, 2020 deposition and the preparation associated therewith. (*Id*. at 4-10). On April 20, 2021, Defendants filed a declaration from a person with personal knowledge in support of the expenses incurred in connection with the October 13, 2020 deposition. (Doc. 249). Plaintiff then moved on January 18, 2022 under Federal Rules of Civil Procedure 60(a) and (b) for relief from the Court's order dismissing his Complaint. (Docs. 256-259).

On April 4, 2022, the Court issued an Order: (i) denying Plaintiff's Rule 60 motion; and (ii) assessing $10,597.75 in fees and expenses against Plaintiff. (Doc. 274, "Prior Order").[1] On April 4, 2022, Plaintiff moved under Federal Rule of Civil Procedure 59(a)(2) and Local Civil Rule 6.3 for "clarification and/or re-argument" of the Court's decision denying his motions for relief from the dismissal of his case. (Doc. 275; Doc. 276, "Recon. Br."). On April 6, 2022, Plaintiff filed a Rule 59(a)(2) motion with respect to the branch of the Court's decision assessing fees and expenses against him. (Doc. 277; Doc. 278, "Costs Br."). Plaintiff also filed reply memoranda of law in further support of each of his motions on April 13, 2022 and April 14, 2022, before Defendants had filed any opposition. (Doc. 280, "Recon. Reply"; Doc. 281, "Costs Reply"). Defendants, upon direction from the Court, opposed both of Plaintiff's motions in a single brief on April 28, 2022. (Doc. 288, Opp. Br.).

Rule 59(a)(2) allows a party to move for a new trial "[a]fter a nonjury trial" has concluded and is plainly inapplicable to this case which, *inter alia*, never went to trial. Fed. R. Civ. P. 59(a)(2). Each of Plaintiff's motions, rather, seek to "vacate" the branches of the Prior Order to which they are directed. (Recon. Br. at 4; Costs Br. at 7). Moreover, although Plaintiff describes his motions as seeking "clarification and/or re-argument," (Doc. 275 at; Doc. 277 at 1), "a motion for clarification is not intended to alter or change a court's order, but merely to resolve alleged ambiguities in that order." *Bank of N.Y. Mellon, London Branch v. Cart 1, Ltd.,* No. 18-CV-06093, 2021 WL 2358695, at *1 (S.D.N.Y. June 9, 2021) (internal citation omitted). Plaintiff's motions

---

[1] The Prior Order is also available on commercial databases. *See Kamdem-Ouaffo v. Balchem Corp.*, No. 17-CV-02810, 2022 WL 1000285 (S.D.N.Y. Apr. 4, 2022).

2

are, accordingly, properly construed as motions for reconsideration pursuant to Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e).[2]

Given the extensive litigation history in this matter, the Court assumes the parties' familiarity with the factual background and procedural history of the case and recites only that which is germane to Plaintiff's instant motions. For the reasons stated herein, Plaintiff's motions are DENIED.

## STANDARD OF REVIEW

"A motion for reconsideration is governed by Local Civil Rule 6.3." *Senisi v. John Wiley & Sons, Inc.*, No. 13-CV-03314, 2016 WL 1045560, at *1 (S.D.N.Y. Mar. 15, 2016). Such a motion under Local Civil Rule 6.3 or Fed. R. Civ. P. 59(e) "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007) (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)); *see also Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("the standard for granting a Rule 59 motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.") (quotation removed). It is appropriate to grant a motion for reconsideration only if the movant points to "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id*.

---

[2] Defendants read Plaintiff's motions as seeking reconsideration, albeit under Federal Rule of Civil Procedure 59(e), which provides for "motion[s] to alter or amend a judgment." As Defendants point out, "[t]he standard for a motion to alter or amend a judgment under Rule 59(e) . . . is the same as the standard for a motion for reconsideration under Local Civil Rule 6.3." *Worldcom, Inc. v. Voice Plus Int'l, Inc.*, No. 97-CV-08265, 2000 WL 274182, at *1 (S.D.N.Y. Mar. 13, 2000). Thus, the Court's analysis under Rule 6.3, which Plaintiff references explicitly in each notice of motion, applies equally to the extent Plaintiff's motion could have been brought under Rule 59(e). In any event, the Court will consider Plaintiff's motions under Fed. R. Civ. P. 59(e) as well.

at 376 (quoting *Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). "Reconsideration . . . is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (noting that the "[t]he standard for granting [a reconsideration] motion is strict . . . ."). Moreover, a motion for reconsideration "may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009). "Ultimately, the decision as to whether or not to grant a motion for reconsideration is entrusted to the district court's sound discretion." *Senisi*, 2016 WL 1045560, at *1.

## **ANALYSIS**

The Court considers separately both of Plaintiff's motions, which seek reconsideration of two branches of the Court's Prior Order, respectively.

> I.  <u>First Motion: Reconsideration of the Denial of Rule 60 Motions (Doc. 275)</u>

The Court has already once considered and rejected Plaintiff's challenge to the dismissal of his case. *Kamdem-Ouaffo*, 2022 WL 1000285. The Court explained, in the Prior Order that "Plaintiff has not demonstrated that the Court made any clerical mistake, oversight, or omission . . . The true basis for Plaintiff's Rule 60(a) [and 60(b)] motion[s] appears to be his displeasure with the Court's rulings and dismissal of his Complaint, which is not a proper basis for such a motion." *Id.* at *2.

Plaintiff's instant motion fails on the merits and for the same reasons stated in the Prior Order. Plaintiff does no more than reiterate that he believes that his due process rights were violated, and that the Court's prior orders are therefore void.[3] (Recon. Br. at 2-4). The Court held in the Prior Order that "Plaintiff did not suffer a due process violation that deprived him of notice or the opportunity to be heard." *Kamdem-Ouaffo*, 2022 WL 1000285, at *3 n.5. Plaintiff simply rehashes this issue that was previously raised and thoroughly considered and rejected by the Court. Plaintiff fails to meet the strict standard applicable to his motion as he does not raise any intervening change of controlling law, the availability of new evidence, the need to correct a clear error, or the need to prevent manifest injustice. Rather, this motion represents yet another regurgitation of arguments previously rejected by the Court. Plaintiff's motion seeking reconsideration of the branch of the Court's Prior Order which denied his Rule 60 motion is denied.

II.   Second Motion: Reconsideration of Fees and Costs (Doc. 277)

Plaintiff's second motion fails for the same reasons as his first: he identifies no law or facts overlooked by the Court and merely attempts to relitigate an issue already decided. Indeed, Plaintiff's second motion mirrors his first in that he argues that the imposition of counsels' fees and expenses against him violated his due process rights because he was not given notice or an opportunity to be heard. (*See generally* Costs Br.). This argument is nothing new, belied by the

---

[3] To the extent Plaintiff argues that he was entitled to special notice *at the time he decided to skip his deposition* that the Court would later dismiss his case, he is entitled to no such warning. Moreover, Plaintiff *was* provided ample notice of this exact possibility by Magistrate Judge Davison's September 30, 2020 Order. (*See* Doc. 194 at 3 ("Plaintiff's failure to . . . appear and/or participate in his scheduled deposition on October 13, 2020, shall result in sanctions, which may include the dismissal of this Action with prejudice.")). Plaintiff knowingly violated that Order and the sanction warned of was issued against him. Further, Federal Rule of Civil Procedure 37(d) gives notice by providing that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may . . . dismiss[] the action or proceeding in whole or in part." *Pro se* litigants are "not exempt . . . from compliance with [and knowledge of] relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006); *see also Edwards v. I.N.S.*, 59 F.3d 5, 8 (2d Cir.1995) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them.") (citations omitted).

record, and insufficient to warrant reconsideration. The Court determined that Plaintiff was liable for the expenses of a deposition because of "Plaintiff's failure to comply with Defendants' lawful discovery demands, culminating ultimately in Plaintiff's failure to appear for his October 13, 2020 court-ordered deposition." (Doc. 244 at 9). That conduct triggered Rule 37(d)(3)'s sanctions provision whereby "the court must require [the] party failing to [appear for a court-ordered deposition] . . . to pay the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(d)(3). Plaintiff was given plenty of notices that he was required to attend his deposition by Magistrate Judge Davison, (*see, e.g.* Doc. 173; Doc. 194), failed to do so, and the Court imposed counsels' fees and expenses as provided for by the Federal Rules of Civil Procedure. Plaintiff's due process argument and reference to the non-existent "doctrine of the ends justify the means" are plainly without merit. Plaintiff's motion seeking reconsideration of the Court's imposition of fees and costs against him is, accordingly, denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions for reconsideration are DENIED.[4] The Clerk of Court is respectfully directed to terminate the motion sequences pending at Doc. 275 and 277.

**SO ORDERED:**

Dated: White Plains, New York
        February 28, 2023

_____
Philip M. Halpern
United States District Judge

---

[4] Plaintiff references and presumably seeks additional relief at the conclusion of his "Briefs", including for: (i) the Court to adjudicate the case on summary judgment in his favor (Recon. Br. at 4-5; Costs. Br. at 7); (ii) leave to file an alternative motion under Rule 60(d)(3) (Recon. Reply at 11; Costs Reply at 12); and for this Court to recuse itself (*Id.*). These requests are not properly before the Court, inappropriate, and are denied. *See* Fed. R. Civ. P. 56 and 60(d)(3). Likewise, Plaintiff's disagreements with the Court's rulings and his unsupported accusations of bias are insufficient to warrant recusal. *See Layman by Marvin v. Sheriff, Orange Cnty.*, No. 21-CV-10907, 2022 WL 1082410, at *1 (S.D.N.Y. Apr. 8, 2022).