UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICKY KAMDEM-OUAFFO,

                Plaintiff,

-against-

BALCHEM CORPORATION, et al.,

                Defendants.

**ORDER**

17-CV-02810 (PMH)

19-CV-09943 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff made a motion pursuant to 28 U.S.C. § 455(a) on March 24, 2023—more than two years after this case closed—seeking the disqualification of the undersigned. (Doc. 311). The Court denied that motion on April 5, 2023 because Plaintiff "stated no conceivable basis in fact or law for his motion and has failed to meet his burden of proof." (Doc. 315). Plaintiff filed a motion seeking reconsideration of that decision on April 10, 2023.[1]

A motion for reconsideration "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007) (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)). Plaintiff's utterly frivolous motion for reconsideration merely rehashes the same arguments he made in favor of the original recusal motion and sets forth no reasonable basis for reconsideration. That motion is, therefore, DENIED.

The Court previously noted that, in the more than two years since this case closed, "numerous ill-founded post-judgment motions and a years-long letter writing campaign have been

---

[1] Plaintiff filed the same motion in another closed matter assigned to this Court. *Kamdem-Ouaffo v. Balchem*, No. 19-CV-09943 at Doc. 100. This Order resolves both motions.

filed by the *pro se* Plaintiff." (Doc. 315).[2] The Court also previously warned Plaintiff "that future filings involving similar claims, facts, issues, and parties, will not be tolerated [and that should he] persist in his course of conduct, 'the Court will require that Plaintiff first seek leave of Court before submitting such filings.'" *Kamdem-Ouaffo v. Balchem Corp.*, No. 19-CV-09943, 2022 WL 1081994, at *5 (S.D.N.Y. Apr. 8, 2022) (quoting *Kapsis v. Brandveen*, No. 09-CV-01352, 2009 WL 2182609, at *3 (E.D.N.Y. July 20, 2009)). Plaintiff has, nevertheless, filed dozens of frivolous and abusive documents on both closed dockets before this Court since that warning was given.

Plaintiff is, accordingly, prohibited from making any further entries on either closed docket without leave of the Court. *See McMillan v. Daniel*, No. 9:16-CV-00277, 2018 WL 555510, at *3 (N.D.N.Y. Jan. 18, 2018) (recognizing the Court's "inherent authority to control and manage its own docket so as to prevent abuse in its proceedings."); *Moore v. United States*, No. 08-CV-10204 (S.D.N.Y. Aug. 31, 2016) (Sullivan, J.) (Doc. No. 6.) (prohibiting a *pro se* plaintiff "from filing any documents . . . under . . . the docket numbers of . . . closed cases in this Court." ).

Should Plaintiff, in violation of this Order, file any additional documents in either closed matter without first seeking and obtaining the Court's leave, the Clerk of Court is directed to reject those filings.

The Clerk of Court is respectfully directed to: (i) terminate the motion sequence pending at Doc. 318 in 17-CV-02810; (ii) terminate the motion sequence pending at Doc. 100 in 19-CV-09943; and (iii) reject future submissions from Plaintiff that are filed without leave of the Court.

---

[2] Indeed, Plaintiff continues his letter writing campaign on the docket to this day. (*See* Doc. 320).

**SO ORDERED:**

Dated: White Plains, New York
       April 13, 2023

_____
Philip M. Halpern
United States District Judge