UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICKY KAMDEM-OUAFFO,

                Plaintiff,

-against-

BALCHEM CORPORATION, et al.,

                Defendants.

**ORDER**

17-CV-02810 (PMH)

19-CV-09943 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Plaintiff proposes to file motions in each of the two above-captioned—closed—matters, *Kamdem-Ouaffo v. Balchem Corporation, et al.*, No. 17-CV-02810 ("*Kamdem I*") and *Kamdem-Ouaffo v. Balchem Corporation, et al.*, No. 19-CV-09943 ("*Kamdem II*"). (*See Kamdem I* Docs. 324, 326, 328, 330, 332, 336, 338; *Kamdem II* Docs. 106, 107, 109, 113, 115, 117).[1] In light of the filing injunction entered against him on April 13, 2023, Plaintiff seeks the Court's leave to file these proposed motions under Rule 60(b) of the Federal Rules of Civil Procedure and for this Court's recusal (as well as the recusal of Magistrate Judge Paul E. Davison (ret.)). The Court directed Defendants to respond to Plaintiff's proposed motions, which they did on February 12, 2025 and March 3, 2025, in each respective case. (*Kamdem I* Doc. 335; *Kamdem II* Doc. 112).

      The Court has reviewed and considered Plaintiff's proposed motions and, for the reasons set forth below, the motions are DENIED. Given the extensive litigation history in these matters, the Court assumes the parties' familiarity with the factual background and procedural history and recites only that which is germane to Plaintiff's instant motions.

---

[1] Citations to "*Kamdem I* Doc. ___" are references to the electronic docket in *Kamdem I*. Citations to "*Kamdem II* Doc. ___" are references to the electronic docket in *Kamdem II*.

## ANALYSIS

I.      Federal Rule of Civil Procedure 60(b)

Plaintiff proposes to move for relief under "Rules 60(b)(4 and/or 6)" as well as "Rule 60(b)(3 & 6). (*Kamdem I* Docs. 324, 332; *Kamdem II* Docs. 106, 115). "Relief under Rule 60(b) is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (citation omitted). As a threshold matter, a Rule 60(b)(3) motion must be brought within a year of the entry of judgment, and motions brought under Rule 60(b)(4) or (6) must be "'made within a reasonable time.'" *Spurgeon v. Lee*, No. 11-CV-00600, 2019 WL 569115, at *2 (E.D.N.Y. Feb. 11, 2019) (quoting Fed. R. Civ. P. 60(c)). "The Second Circuit has found delays as short as 18 months unreasonable and thus untimely." *Id.*; s*ee also Truskoski v. ESPN, Inc.*, 60 F.3d 74, 76 (2d Cir. 1995) (finding district court did not abuse its discretion in denying relief under Rule 60(b) where delay was over one year).

Almost four years after this Court adopted Magistrate Judge Davison's Report and Recommendation imposing sanctions and dismissing *Kamdem I*, and almost three years after Judgment was entered closing *Kamdem II*, Plaintiff seeks to vacate those orders and the judgment entered in those cases under Rule 60(b). The Court is therefore well within its authority to deny the proposed motions as untimely.

Even if his proposed motions were timely, Plaintiff's proposed motions would fail on the merits. With respect to Rule 60(b)(3), Plaintiff fails to meet his burden to "show that (1) the adverse party engaged in fraud, misrepresentation or misconduct by clear and convincing evidence and that (2) such misconduct substantially interfered with [his] ability to fully and fairly present [his] case." *Deng v. New York State Off. of Mental Health*, No. 13-CV-06801, 2018 WL 11176016, at

*2 (S.D.N.Y. July 18, 2018), *aff'd sub nom. Ren Yuan Deng v. New York State Off. of Mental Health*, 783 F. App'x 72 (2d Cir. 2019); *see also Reid v. City of New York*, No. 20-CV-00644, 2024 WL 36880, at *3 (S.D.N.Y. Jan. 3, 2024) ("Plaintiff also cannot rely on Rule 60(b)(3) because he does not allege any 'fraud . . . , misrepresentation, or misconduct' by Defendants." (quoting Fed. R. Civ. P. 60(b)(3))). Plaintiff quotes from Defendants' letter response to his instant request for leave to file these motions and concludes that their legal argument constitutes "material misrepresentations . . . about the records of the court and the proceedings . . . ." (*Kamdem I* Doc. 332; *Kamdem II* Doc. 115). These mere conclusory allegations of fraudulent conduct and disagreement with Defendants' legal argument do not constitute a basis for relief under Rule 60(b)(3). *See Deng*, 2018 WL 11176016, at *2.

Rule 60(b)(4) authorizes a court to relieve a party from a final judgment only if "the judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment is void "in only two circumstances": "The movant must demonstrate either a certain type of jurisdictional error or a violation of due process that deprives a party of notice or the opportunity to be heard." *Sec. & Exch. Comm'n v. Allaire*, No. 03-CV-04087, 2019 WL 6114484, at *2 (S.D.N.Y. Nov. 18, 2019) (internal citations and quotation marks omitted), *aff'd sub nom. Sec. & Exch. Comm'n v. Romeril*, 15 F.4th 166 (2d Cir. 2021). Plaintiff has not shown that the Court's orders and judgment are void so as to warrant relief under Rule 60(b)(4). *See id.* ("Relief from a judgment pursuant to Rule 60(b)(4) will be rare[.]")

Plaintiff contends that he was deprived of the right to be heard on his objections to Magistrate Judge Davison's Report and Recommendation in *Kamdem I*. (*Kamdem I* Doc. 324; *Kamdem II* Doc. 106). Plaintiff's argument rests on the claim that *Kamdem II* was dismissed as duplicative of *Kamdem I*, and in light of a purported change in Second Circuit caselaw, *Kamdem I*'s dismissal was in violation of Rule 72(a) of the Federal Rules of Civil Procedure, thus

3

necessitating reinstatement of *Kamdem II*. This Court and the Second Circuit, however, have already considered and rejected his arguments concerning the Report and Recommendation: in the March 23, 2021 Order that adopted the Report and Recommendation (*Kamdem I* Doc. 244); through multiple motions for reconsideration (*Kamdem I* Docs. 256, 258, 275, 277, 310; *Kamdem II* Docs. 72, 92); and through his appeals to the Circuit (*see* Nos. 21-653-cv, 23-455-cv, 23-458-cv). Plaintiff also sought a writ of certiorari that was denied by the Supreme Court of the United States on January 13, 2025 as was the petition for rehearing on March 3, 2025. (*See* 24-5918). Plaintiff argued to this Court and to the Second Circuit multiple times that *Kamdem I* was dismissed in violation of Rule 72(a). The cases he cites in his letters do not support his position that there has been any change in the law or that he has been deprived the opportunity to be heard on this argument. The Court's orders and judgment are simply not void.

Rule 60(b)(6), the catchall provision, permits the Court to grant relief for "any other reason that justifies" doing so. Fed. R. Civ. P. 60(b)(6). Plaintiff has not shown any "extraordinary circumstances" entitling him to relief under Rule 60(b)(6). *See Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005); *see also Knight v. City of New York*, No. 19-CV-04022, 2020 WL 3961969, at *3 (S.D.N.Y. July 13, 2020) (denying Rule 60(b)(6) motion where plaintiff failed to demonstrate "extraordinary circumstances"). Plaintiff's belief that *Kamdem I* should not have been dismissed is insufficient to warrant the relief he seeks in these cases.

Accordingly, Plaintiff is denied leave to submit any further briefing on Rule 60(b) and, even were the Court to construe his requests as the motions themselves, they would be denied for the reasons explained *supra*.

II.     28 U.S.C. § 455

Plaintiff has previously sought this Court's recusal in both actions because of his dissatisfaction with its rulings—motions which were denied, of which he sought reconsideration, and for which reconsideration was likewise denied. (*See, Kamdem I* Docs. 311, 315, 318, 321; *Kamdem II* Docs. 93, 97, 100, 103). Plaintiff now seeks leave to move again for this Court's recusal based upon Judge Cabranes' recusal from the panel hearing an appeal in an entirely unrelated matter. (*Kamdem I* Docs. 326, 328; *Kamdem II* Docs. 107, 109). Section 455(a) provides that a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. The analysis "looks to extrajudicial conduct . . . not conduct which arises in a judicial context." *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987). The record does not reveal any allegation of extrajudicial conduct demonstrating bias, and Plaintiff's conjectural allegations that Judge Cabranes' recusal mandates this Court's recusal lacks support in the facts and law. *Martin v. United Bridge Cap., LP*, No. 21-1790-CV, 2022 WL 2166399, at *3 (2d Cir. June 16, 2022) ("The record does not contain any allegation of extrajudicial bias, nor do the district court's adverse rulings in a separate case provide a basis for recusal."). Plaintiff's mere disagreement with the Court's prior orders is not a basis for recusal, nor is Judge Cabranes' recusal from the panel in an appeal of a different case that was pending before a different District Judge.

Accordingly, leave to file the foregoing motions is denied. The filing injunction entered on April 13, 2023 remains in place.

The Clerk of Court is respectfully directed to: (i) terminate the letter-motions pending at Docs. 326, 328, 330, 335, and 338 in 17-CV-02810; (ii) terminate the letter-motions pending at

Docs. 106, 107, 109, 112, and 113 in 19-CV-09943; and (iii) reject future submissions from Plaintiff that are filed without leave of the Court.[2]

                                        **SO ORDERED:**

Dated: White Plains, New York
       March 27, 2025

_____
Philip M. Halpern
United States District Judge

---

[2] To the extent Defendants seek an order concerning the payment of attorney's fees and costs awarded in the amount of $10,597.75, such request made in an opposition letter is denied. (*Kamdem I* Doc. 335; *Kamdem II* Doc. 112). Defendants may however, if they be so advised, make an appropriate application to the Court for any such relief.